IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/17/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

WILLIAM M. CAMPBELL,

Petitioner,

v.

J. JOHNSTON, Warden, FCI-Leavenworth,

Respondent.

Case No. 26-3331-JWL

**MEMORANDUM AND ORDER**

Petitioner, a federal prisoner acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges a disciplinary loss of credits. For the reasons set forth below, the Court **denies** the petition.

Petitioner's claim arises from an incident that occurred on January 27, 2024, when petitioner was meeting with visitors at the prison. By incident report, an officer accused petitioner of threatening her with bodily harm. Another officer investigated the incident that day and referred the matter to the Unit Disciplinary Committee (UDC); and the UDC then referred the matter for hearing before a Disciplinary Hearing Officer (DHO), which took place by teleconference on February 1, 2024. The DHO found that petitioner had committed the charged act and imposed discipline. Petitioner's subsequent administrative appeals were unsuccessful. Petitioner, who is confined within this judicial district, filed the instant action on September 8, 2026; respondent filed an answer, but petitioner did not

file a traverse or reply brief by the Court-ordered deadline of November 7, 2026, and the matter is therefore ripe for ruling.

Petitioner argues that the DHO's finding violates due process. As the Court has explained in a prior case, if other due process requirements are met, the hearing officer's decision will be upheld if there is "some evidence" to support the decision. *See Garza v. English*, 2018 WL 6570493, at *5 (D. Kan. Dec. 13, 2018) (Lungstrum, J.) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

> The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. A decision to revoke good time credits would only violate due process if the record is devoid of evidence, providing no support for a disciplinary board's decision. The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.
>
> . . .
>
> . . . Ascertaining whether the ["some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. The decision can be upheld even if the evidence supporting the decision is meager.

*See id.* at 5-6 (citations and internal quotations and footnote omitted).

That standard for upholding the DHO's decision is satisfied here. The reporting officer stated that in the incident report that after she instructed visitors to leave, petitioner stated that he had a special visit, but she verified that he had no authorization for such a visit; and that he then said the following to her: "You better watch how you're talking to me. You're going to get your ass beat." At the hearing, petitioner denied that he made any

such statement to the officer, stating that he was instead addressing fellow inmate Roderick Stewart; but that story was not supported by corroborating evidence. Statements were taken from two witnesses chosen by petitioner – but the first, Mr. Stewart, indicated that he had no information when asked by the investigating officer; and the second, Shawn Nero, related only that petitioner had asked the officer to check with a captain, and did not indicate that petitioner had made any subsequent statement to Mr. Stewart. Accordingly, there was evidence to support the DHO's finding that petitioner made a threatening statement to the officer as alleged, and this Court may not weigh that evidence or consider contrary evidence.

Petitioner also argues that his two witnesses were not permitted to testify live at the hearing. Due process does not require live witness testimony in all instances, however. *See Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974) (inmate facing disciplinary proceedings should be allowed to call witnesses when doing so will not be unduly hazardous to safety or correctional goals; unrestricted right to call witnesses from the prison population carries obvious potential for disruption, and the judgment of prison administrators in that regard should not be readily put aside). In this case, the DHO determined that security concerns did not allow for live testimony from petitioner's witnesses, but she did indicate that she would consider those witnesses' statements. Moreover, petitioner has not disputed the evidence from the DHO's report and from her declaration in this action that at the hearing petitioner explicitly agreed that consideration of the witnesses' statements would be sufficient. Accordingly, the Court finds that petitioner waived any such objection. The Court concludes that petitioner has not shown

a due process violation based on the lack of live testimony from his witnesses. Nor has petitioner suggested or provided evidence that the witnesses would have varied or expanded their testimony from the written statements; thus petitioner has not shown that he suffered any prejudice from the consideration of written statements instead of live testimony.

Petitioner also alleges that the statements were not written or signed by his two witnesses. Those statements were produced with respondent's answer, however, and they bear the signatures of Messrs. Stewart and Nero. Mr. Nero states in an affidavit that he was not asked to write anything when his statement was obtained; but the written statement is consistent with his recollection concerning his oral statement. Mr. Stewart's statement form is blank, which is consistent with petitioner's allegation (contained in his petition but not in his supporting declaration) that Mr. Stewart related to him that he told an officer that he had no information about the incident. Thus, petitioner has not shown that the written statements were inaccurate, and thus he has not established a due process violation with respect to those statements.

Finally, petitioner notes that the DHO was mistaken in her report concerning whether he had made any statement to the investigating officer. Whether or not petitioner denied the charged conduct prior to the hearing, however, he took the opportunity afforded at the hearing to tell his version of events. Despite his denial, which he was unable to support with corroborating evidence, there was evidence to support the DHO's finding, as noted above. Accordingly, the Court concludes that petitioner has not established that his

hearing and the DHO's finding did not comport with due process, and the Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge